UNITED STATES DISTRICT COURT
THE DISTRICT OF MARYLAND

MARCUS W. TUNSTALL        \*
   Petitioner,
  v.            \*    CIVIL ACTION NO. DKC-97-4044

JACK KAVANAUGH        \*
   Respondent.
            \*\*\*\*\*

## MEMORANDUM OPINION

Petitioner's original petition pursuant to 28 U.S.C. § 2254 was dismissed with prejudice on May 28, 1998. ECF Nos. 7 & 8 (copies attached).[1] On October 22, 1999, the United States Court of Appeals for the Fourth Circuit dismissed the appeal on the reasoning of this court and denied a Certificate of Appealability. *See Tunstall v. Kavanaugh*, 199 F.3d 1328 (4th Cir. Oct. 22, 1999). A petition for writ of certiorari was denied by the United States Supreme Court on March 6, 2000. *See Tunstall v. Kavanaugh*, 120 S.Ct. 1279 (2000).

On October 5, 2012, the court granted Tunstall's motion for a copy of his § 2254 Petition so that he could seek leave to file a successive petition for habeas corpus relief in the Fourth Circuit. ECF No. 25. On June 18, 2013, the Fourth Circuit granted authorization for Tunstall to file a second or successive § 2254 petition to address only the issue of whether his life sentence without parole is illegal in light of *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Petitioner had sought authorization to raise additional issues, including whether trial counsel was ineffective for failing to object to a constitutionally defective reasonable doubt instruction. *See In Re: Tunstall*, 12-362, ECF No. 2 (4th Cir.). This court had determined that Petitioner had procedurally defaulted that claim.

---
[1] The court concluded that several grounds, including Tunstall's claims that he received ineffective assistance of trial and appellate counsel, were procedurally defaulted as they had not been presented previously to the state court on post-conviction review. ECF No. 7, pp. 4-6.

Counsel was appointed to represent Petitioner on the *Miller* claim and a counseled § 2254 petition was filed. That petition was administratively closed for some time, pending the outcome of proceedings in the Circuit Court for Prince George's County. Petitioner has recently been granted a new sentencing hearing. *See Tunstall v. Shearin*, Civil Action No. DKC-13-1781 (D. Md.). As a result of the impending new sentencing hearing, counsel filed a motion to withdraw that petition. That motion is being granted today.

In this long closed case, Tunstall filed motions to reopen the petition under Fed. Rule Civ. Proc. 60(b)(6), for leave to proceed *in forma pauperis*, to appoint counsel, and for an evidentiary hearing on June 23, 2017. ECF Nos. 26-29. He states that he can show extraordinary circumstances warranting the reopening of this case nineteen years after it was dismissed. Tunstall asserts that his post-conviction counsel was ineffective as he failed to raise claims regarding trial counsel's failure to object to the constitutionally deficient reasonable doubt jury instruction and appellate counsel's failure to raise the reasonable doubt jury instruction claim on appeal. ECF No. 26, p. 7.

Tunstall seemingly challenges the district court's prior determination that these claims were procedurally defaulted. He argues that he is entitled to relief from judgment under Rule 60(b) as evidenced by the Supreme Court's recent decision in *Buck v. Davis*, 137 S.Ct. 759 (2017). In arguing that the motion is timely, Tunstall relies on the Supreme Court cases of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective," *Id*. at 1320, and *Trevino v. Thaler*, 133 S.Ct. 1922 (2013), which held that held that ineffective assistance during initial-review collateral proceedings may also establish cause

for defaulting an ineffective assistance of trial counsel claim in states that permit such claims on direct appeal, but "make it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise" the claim. *Id*. at 1921.

Under Rule 60(b), a motion seeking relief from a final judgment may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) includes the "requirement that the motion 'be made within a reasonable time." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Additionally, Rule 60(b)(6) "provid[es] that a court may lift a judgment for 'any other reason that justifies relief.' Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S.Ct. 759, 772 (2017). In the habeas context, such extraordinary circumstances "rarely occur." *Id*. (quoting *Gonzalez*, 545 U.S. at 535). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id*. at 778. Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final judgment for "any ... reason that justifies relief." Moreover, the Rule requires that 60(b) motions "be made within a reasonable time," and the movant bears the burden of showing timeliness. *Werner v. Carbo*, 731 F.2d 204, 206-07, n.1 (4th Cir. 1984). Here, the court denied habeas relief in May 1998. The appeal was dismissed in 1999, and the petition for certiorari was denied in 2000. Tunstall

contends that his Rule 60(b)(6) motion is timely, relying on cases decided by the Supreme Court in 2012 (*Martinez*) and 2013 (*Trevino*).

As noted above, Tunstall was granted authorization by the Fourth Circuit to seek review of his Prince George's County conviction only on one single issue related to the legality of his life sentence (without parole) imposed when he was a juvenile. It did not authorize further review of the defaulted ineffective representation by counsel claim even though Petitioner relied on *Martinez v. Ryan*. That decision by the Fourth Circuit is, to some extent, a rejection of that claim. Furthermore, Petitioner obviously knew of the *Martinez* case years ago and even sought relief based on it. While other proceedings were ongoing in the interim, this motion, filed years after *Martinez* was decided, is untimely. Even if the court instead considers that Tunstall's claim did not arise until *Trevino* was decided on May 28, 2013, it would nonetheless find that Tunstall's Rule 60(b) motion, filed over four years after the *Trevino* decision, is untimely. *See Moses v. Joyner*, 815 F.3d 163, 166-67 (4th Cir. 2016) (*Martinez*-based Rule 60(b)(6) challenge found to be untimely).

Further, Tunstall seemingly argues that his case is equivalent to the circumstances set out in the *Buck* case. In that case, Buck sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under *Coleman*. Thereafter, the Supreme Court issued *Martinez* and *Trevino*, modifying the *Coleman* rule. Following *Trevino*, Buck sought to reopen his § 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death

4

in part because of his race." *Buck v. Davis*, 137 S.Ct. at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution ... the community at large, and ... the democratic ideal reflected in the processes of our courts.'" *Id*. The court has examined Tunstall's argument presented in his Rule 60(b)(6) motion and finds that he has failed to assert similar extraordinary circumstances warranting the reopening of his § 2254 petition.

For these reasons, Tunstall's Rule 60(b) motion to reopen petition is denied. His accompanying motions to proceed *in forma pauperis*, to appoint counsel, and for an evidentiary hearing are likewise denied.

On September 27, 2017, Tunstall filed a motion to substitute party respondent, claiming that with his past prison transfer and current housing, the Respondent should be Jessup Correctional Institution Warden John S. Wolfe. ECF No. 30. The court agrees and will direct the Clerk to modify the docket accordingly.

|  |  |
|---|---|
| December 21, 2017 | /s/<br>DEBORAH K. CHASANOW<br>United States District Judge |