UNITED STATES DISTRICT COURT
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARCUS W. TUNSTALL | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. DKC-97-4044 |
| JACK KAVANAUGH | * | |
| Respondent. | | |

\*\*\*\*\*

## MEMORANDUM OPINION

Petitioner filed a motion for a certificate of appealability and a motion for waiver of fees and costs. (ECF Nos. 34 and 35). He argues that jurists of reason would find it debatable whether this court was correct in its procedural ruling and that extraordinary circumstances exist which warrant relief. The court disagrees and will deny the motion for the following reasons.

On June 18, 2013, the Fourth Circuit granted authorization on June 18, 2013, for Petitioner to file a second or successive § 2254 petition addressing only the issue of whether his life sentence without parole is illegal in light of *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Counsel was appointed to represent Petitioner on the *Miller* claim and a counseled § 2254 petition was filed. *See Tunstall v. Shearin*, Civil Action No. DKC-13-1781 (D. Md.). Because Petitioner was granted a new sentencing hearing in state court, the successive § 2254 petition was withdrawn.

While the successive § 2254 action was still pending, Tunstall filed motions in this case, *pro se*, to reopen the petition under Fed. Rule Civ. Proc. 60(b)(6), for leave to proceed *in forma pauperis*, to appoint counsel, and for an evidentiary hearing asserting that his post-conviction counsel was ineffective as he failed to raise claims regarding trial counsel's failure to object to the constitutionally deficient reasonable doubt jury instruction and appellate counsel's failure to raise the reasonable doubt jury instruction claim on appeal. ECF No. 26, p. 7.

Petitioner's *pro se* motions were denied as untimely. The court denied habeas relief in May 1998, the appeal was dismissed in 1999, and the petition for certiorari was denied in 2000. Moreover, Petitioner was granted authorization by the Fourth Circuit to seek review of his Prince George's County, Maryland conviction only on one single issue related to the legality of his life sentence (without parole) imposed when he was a juvenile. It did not authorize further review of the defaulted ineffective representation by counsel claim.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). It is not entirely clear that denial of a Rule 60 motion is subject to the certificate of appealability requirement. Nevertheless, in light of Petitioner's motion, the court will consider his request. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability. When filing his Notice of Appeal, Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering

whether to grant a certificate of appealability after the district court declined to issue one). A separate Order will be entered.


Date:   January 26, 2018                             /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge